IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 28, 2011 Session

NEAL LOVLACE and NORMA JEAN LOVLACE
v.
TIMOTHY KEVIN COPLEY AND BETH COPLEY

Direct Appeal from the Chancery Court for Hickman County
No. 06-128-C     Robbie T. Beal, Judge

No. M2011-00170-COA-R3-CV - Filed February 3, 2012

SEPARATE CONCURRENCE AND PARTIAL DISSENT
_____

ALAN E. HIGHERS, P.J., concurring in part and dissenting in part.

I concur with the result reached in this case, but I disagree with some of the reasoning and therefore write separately.

Because the procedure in this case is difficult to follow, I offer a brief time-line of the events of particular significance.

1. Minor child born on September 4, 2002, to Jerry and Beth Rochelle.
2. Larry Rochelle and wife (later Mrs. Lovlace) were adoptive parents of Jerry Rochelle.[1]
3. Jerry and Beth Rochelle were divorced on April 20, 2004, and Beth married Timothy Kevin Copley on January 15, 2005.

---

[1]Testimony of Mrs. Lovlace, clarifying adoptive status of the biological father of the minor child:

Q.    All right.  So now, when that - - when he withdrew his consent, when David Rochelle, your son - - and he was adopted, too, wasn't he?
A.    He was.
Q.    By you?
A.    Yes.
Q.    So you understand as a mother the love one can have for an adopted child?
A.    Yes.

4. Mr. Copley attempted to adopt the minor child. Jerry Rochelle, the biological father, consented but then withdrew his consent in January 2006.

5. Mrs. Copley terminated contact between the Lovlaces and the minor child in February 2006.

6. The Lovlaces filed a petition for grandparent visitation on April 24, 2006.

7. An "Agreed Order" was entered on May 15, 2006, providing for grandparent visitation.

8. Mr. Copley adopted the minor child on March 24, 2009. The order provided that the adoption did not alter or modify grandparent visitation rights.

9. The Lovlaces filed a petition for contempt and to modify their visitation order on March 9, 2009.

10. The Copleys sought to suspend or terminate the Lovlaces' visitation with the minor child.

There are numerous other proceedings and events in the record, but these are the primary facts leading to this controversy.

Although there are issues pertaining to contempt and attorney fees, the underlying issue is whether grandparent visitation should be permitted and the standard to be applied in a petition to modify by the grandparents. I agree with Judge Stafford's disposition of the issues pertaining to contempt and attorney fees.

Judge Stafford finds the Lovlaces are grandparents for purposes of the Grandparent Visitation Statute. I agree.

Judge Stafford finds that the "Agreed Order" is valid notwithstanding the subsequent adoption of the minor child. I agree.

Judge Stafford vacates and remands the matter for further consideration. I agree.

Judge Stafford holds that the same standard applies to the grandparents' petition to modify that would apply in an initial proceeding to grant visitation to the grandparents, namely, they must *again* show substantial harm to the child for failure to grant visitation. I disagree. They have crossed that threshold and they are not required to cross it over and over each time they seek to modify visitation.

Judge Stafford states: "Because Tennessee has a statute that specifically allows for grandparent visitation and provides us the standard to be used in making that determination, we conclude that the statute does not limit that standard only to the initial visitation determination; *we concede that there is no statutory standard for a subsequent request to modify grandparent visitation*." (Emphasis supplied). This statement, of course, is inconsistent. If there is "no statutory standard" for a petition to modify, then it is fruitless to argue that the statute "does not limit that standard only to the initial visitation determination." If the statute does not speak to it, the statute does not speak to it.

The case of *Blair v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002), is instructive here. Although it dealt with *custody* involving a parent and non-parent, and our case involves *visitation* involving a parent and non-parent, the Supreme Court clearly makes a distinction between the standard applied in an *initial* determination and a *modification*. The same common-sense determination should apply here.

To hold that grandparents who have already crossed the "substantial harm" threshold (whether by consent or otherwise) must cross it again each time they seek to modify their visitation would impose a chilling effect on their effort to maintain a relationship with the minor child.

The court should require a showing of material change of circumstances in order to modify, along with a consideration of the best interest of the child.

_____
ALAN E. HIGHERS, P.J., W.S.